FLOYD, et al. *v.* FLOYD, ADMRX., et al.

No. 41479 June 6, 1960 121 So. 2d 133

Affirmed and remanded. Motion to correct judgment sustained and costs retaxed.

*Henry & Barbour,* Yazoo City; *Ray, Spivey & Cain,* Canton; *Alexander & Alexander,* Jackson, for appellants, H. L. Alexander, et al.

*Charles A. Carter,* Jackson, for appellants, Claiborne
N. Floyd and Mary Ellis Floyd Maddox.

*Charles A. Carter,* Jackson, for appellee, Ina Mae Floyd McFall.

HALL, J.

This suit was brought by Claiborne N. Floyd, Mary Ellis Floyd Maddox, Mrs. Ina Mae Floyd McFall, Bewie C. Floyd by guardian and next friend and Cuell Floyd Day against E. H. Floyd, D. L. Harper, Milton Lavesta Hutton, Agnes Dukes Hutton, O. S. Franklin, Mary Ella Franklin, K. K. Kirk, Inez Kirk, Robert E. L. Burgess, Flossy Mae T. Burgess, L. L. Sprinkell, Helen C. Sprinkell, Elmer Hill, Trustee, H. L. Alexander, Mrs. Franklin Alexander, B. E. Patty, Trustee, and Delta National Bank and Tom K. Green, G. B. Dewees, Lina Conoy Isaacs, J. C. Baugh and Mrs. Ruby Floyd.

The bill of complaint is sixty four typewritten pages in length and its readily apparent that it is impossible to give even a summary of the various and sundry charges of fraud made by the complainants against the defendants. The chancellor held that the bill should be and was dismissed as to Claiborne N. Floyd, Mary Ellis Floyd Maddox, Bewie C. Floyd, and Cuell Floyd Day for failure to maintain the material averments of the bill, and for the further reason that the alleged rights of action of all the said parties are barred by the statutes of limitations pled by the several defendants.

The bill was also dismissed as to the heirs and administrator of the estate of J. C. Baugh, deceased. And the bill in the suit by Ina Mae Floyd McFall was dismissed as to G. B. Dewees and Milton Lavesta Hutton, Agnes Dukes Hutton, O. S. Franklin, Mary Ella Franklin, K. K. Kirk, Inez Kirk, Robert E. L. Burgess, Flossy Mae T. Burgess, L. L. Sprinkell, Helen C. Sprinkell and Elmer Hill, Trustee.

The chancellor further ordered and decreed that Ina Mae Floyd McFall has maintained the material averments of her bill as to the rest of the defendants and that the purported removal of disability of minority of Ina Mae Floyd McFall was totally void and all sales made pursuant to said void removal of disability of minority are also void.

The chancellor further ordered and decreed that the following instruments are void and shall be and are cancelled as clouds on the title of Ina Mae Floyd McFall. (1) Deed executed by Ina Mae Floyd Mangum to E. H. Floyd dated August 19, 1943, and recorded in Book IK at page 531 of the records of the Chancery Clerk of Yazoo County, Mississippi, and recorded in Book 26 at page 163 of the records of the Chancery Clerk of Madison County, Mississippi, and recorded in Book 377 at page 480 of the records in the office of the Chancery Clerk of Hinds County at Jackson, Mississippi, covering a one-fifth undivided interest in 420 acres of land located in Yazoo County, Mississippi, and an undivided one-fifth interest in 145 acres of land located in Madison County, Mississippi, and an undivided one-fifth interest in sixty acres of land located in Hinds County, Mississippi.

The chancellor also held as void as clouds on the title of Ina Mae Floyd McFall the deed executed by E. H. Floyd and Lina B. Issacs (Lina Conoy Issacs) to D. L. Harper on January 30, 1947, recorded in Book 36 at page 124 of the records of the Chancery Clerk in Madi-

son County, as to the one-fifth interest of Ina Mae Floyd McFall to the land therein described.

The chancellor also held void as to the one-fifth interest of Ina Mae Floyd McFall the deed of the date of February 17, 1949, from E. H. Floyd to Lina Conoy Issacs recorded in Book 42 at page 303 of the records of the Chancery Clerk of Madison County.

The chancellor also held void as to the one-fifth interest of Ina Mae Floyd McFall the deed from E. H. Floyd to Tom K. Green of August 21, 1944, recorded in Book 387 at page 427 in the office of the Chancery Clerk of Hinds County, Mississippi.

The chancellor also finally dismissed the bill of complaint of Ina Mae Floyd McFall as to G. B. Dewees.

The chancellor also dismissed the bill of Ina Mae Floyd McFall as to Milton Lavesta Hutton, Agnes Dukes Hutton, O. S. Franklin, Mary Ella Franklin, K. K. Kirk, Inez Kirk, Robert E. L. Burgess, Flossy Mae T. Burgess, L. L. Sprinkell, Helen C. Sprinkell and Elmer Hill, Trustee.

The chancellor adjudged and decreed that Ina Mae Floyd McFall maintained the material averments of her bill as to the rest of the defendants, and that the purported removal of her disability of minority was totally void and that all sales made pursuant to said void removal of disability of minority are also void.

The chancellor decreed that the following instruments are void and shall be cancelled as clouds on the title of Ina Mae Floyd McFall: Deed executed by Ina Mae Floyd Mangum and Jack C. Mangum to E. H. Floyd and recorded in Book IK page 531 of the records of the Chancery Clerk of Yazoo County, and recorded in Book 26 at page 163 of the records in the office of the Chancery Clerk of Madison County, and recorded in Book 377 at page 480 of the records of the Chancery Clerk in Hinds County at Jackson.

The chancellor also ordered cancelled as to the one-fifth interest of Ina Mae Floyd McFall the deed from E. H. Floyd to H. L. Alexander on August 21, 1944, re-

corded in Book 10 at page 504 in the office of the Chancery Clerk of Yazoo County and the deed of trust from H. L. Alexander and wife to B. E. Patty, Trustee, to secure an indebtedness to the Delta National Bank of Yazoo City as shown by instrument recorded in the office of the Chancery Clerk of Yazoo County in Book HY at page 97 insofar as its purports to mortgage the one-fifth interest of Ina Mae Floyd McFall, and the chancellor ordered that Ina Mae Floyd McFall have an accounting of and from D. L. Harper, Lina Conoy Issacs Randall, Tom K. Green, H. L. Alexander and Ruby M. Floyd, Administratrix of the Estate of E. H. Floyd, deceased, as to all ground rent, oil and gas leases, bonuses, oil and gas rentals, the value of all timber cut and removed and any and all other income or receipts from the respective tracts of land. An appeal was granted upon the filing of an appeal bond in the sum of $500, without supersedeas. And the defendants have prosecuted a cross-appeal from the decree of the court below.

C. N. Floyd died intestate on August 1, 1934, owning a large amount of real and personal property in several counties and left as his only heirs at law his minor children, Cuell Floyd Day, Mary Ellis Maddox, Bewie Floyd, Ina Mae Floyd McFall, and Claiborne N. Floyd, who were complainants in this cause. His brother, E. H. Floyd, qualified as administrator of his estate, and as guardian of his minor children and during the next ten years, through various transactions, the interests of all of the heirs in all of said property were disposed of. E. H. Floyd, the administrator and guardian, acquired all of the interests of Mrs. Day and Mrs. Maddox through separate transactions. He sold the interests of Bewie Floyd and Mrs. McFall in part of the land at guardian's sales to other persons and purchased their interests in the remaining land directly from them. All of the interests of Claiborne Floyd was sold at various guardian's sales and all of said heirs filed suit to recover all of said land on September 11, 1954. A demurrer to their

bill of complaint was sustained on May 5, 1955, and they were granted sixty days in which to amend their bill, and they filed their amended bill on July 2, 1955. In it they alleged insanity on the part of Mrs. Maddox and Bewie Floyd, concealed fraud in all of the sales of all of said land, invalidities in the removal of the minority disabilities of Mrs. Day, Mrs. Maddox and Mrs. McFall, and defects in all of the guardian's sales.

All of the defendants answered, denying all of the allegations of insanity, fraud, and defects in legal proceedings and pled estoppel and the bar of the several statutes of limitation. Different facts and different rules of law are applicable not only to each of the several complainants but to each of the several transactions involved. Each transaction raises a separate and distinct factual and legal issue. There are involved in this action the separate and disconnected rights of five different complainants in nine separate and distinct tracts of land arising out of three different emancipation proceedings, seven different deeds executed by the complainants after emancipation or attainment of a majority and six separate and distinct guardian's deeds and the proceedings authorizing the same, and in order to try to clarify to some extent all of these various matters, we shall undertake to break down the matter along the same line as is done in the brief for the appellees and cross-appellants.

### Mrs. Cuell Floyd Day

 █ Mrs. Day was born November 11, 1916. On January 2, 1937 she was over twenty years of age and married and final settlement with her guardian was approved. On June 5, 1937 her disabilities of minority were removed generally by the Chancery Court of Hinds County. On August 12, 1937, joined by her husband, she conveyed all of her interests in all of the real estate owned by her father to E. H. Floyd for a recited consideration of $2,925. She became twenty-one years of

age on November 12, 1937. Six years later, on October 13, 1943, she executed a quitclaim deed to E. H. Floyd, specifically describing part of said land and describing all of it by reference to her former deed and ratifying and confirming her former sale. All of these transactions were handled by Mr. Joseph H. Howie, attorney, and according to his testimony the sale to E. H. Floyd was made at Mrs. Day's instance. The chancellor held that since suit was not filed until seventeen years after she became of age, her action was barred by the statutes of limitation and we agree with this finding.

### Mrs. Mary Ellis Floyd Maddox

Mrs. Maddox was born December 1, 1918. She married in December 1935 and on January 2, 1937, she being eighteen years of age and married, the court approved her guardian's final settlement with her. On January 5, 1937 her disabilities of minority were removed generally by the Chancery Court of Simpson County. On June 21, 1937 she filed a petition in the Chancery Court of Madison County for approval of a proposed exchange with E. H. Floyd of her interests in her father's estate for property owned by E. H. Floyd in Magee. On June 29, 1937 the chancery court approved the exchange and on July 1, 1937 she conveyed to E. H. Floyd her interests in the real estate owned by her father. This is the same transaction which is under attack in this suit. On April 3, 1939 she executed a correction deed to E. H. Floyd to correct an error in the description in her former deed. As in the case of Mrs. Day, all of these transactions were handled by Mr. Joseph H. Howie and he testified that this exchange of property was the suggestion of Mrs. Maddox and on her insistence. She became twenty one years of age on December 1, 1939, more than fifteen years before this suit was filed. On January 29, 1944 she entered into a contract with Honorable Evon A. Ford, attorney, recently deceased, to investigate the foregoing transactions and to file suit for anything

which she might be entitled to recover therefrom. No action was taken and in 1948 she entered into a similar contract with O. D. Brame, attorney, and on September 30, 1948 her suit, in which Mrs. Ina Mae Mangum joined, was filed in the Chancery Court of Smith County to cancel her deed to E. H. Floyd above-mentioned. That suit was dismissed without prejudice. On September 9, 1954, two days before this suit was first filed, she was adjudged mentally incompetent in the Chancery Court of Hinds County. Dr. Jaquith, the Superintendent of the state's mental hospital at Whitfield, testified that she was in his institution for relatively brief periods on five different occasions and after remaining in the institution, he would find that she had recovered and each time she was accordingly discharged and he testified that on each occasion upon and after her discharge she was mentally competent, and in addition to that, former chancellor, M. B. Montgomery, as well as Mr. Joseph H. Howie, both testified that she was fully competent and thoroughly understood the transaction here involved both at the time and after she became of age. On this evidence the chancellor held that no mental incompetency was proven and that since her suit was filed more than fourteen years after she became of age, her right of action was barred and he did not go into the issue of fraud or the validity of the proceeding removing her disabilities of minority except to hold in his written opinion that no actual fraud was involved in any of the transactions here under attack and that all of them were made in good faith.

### Bewie Floyd

Bewie Floyd was born September 5, 1920. In 1937 his guardian sold the defendant, G. B. Dewees, his interest in the tract now owned by said defendant under authority of a decree of the Chancery Court of Madison County. In 1938 his interest in the tracts now owned by the heirs of J. C. Baugh was sold by his guardian

under decree of said court. He became twenty one years of age on September 5, 1941 and on September 6, 1941 his guardian's final account with him was approved and his guardian discharged. He married November 21, 1941. On January 12, 1942 he conveyed to E. H. Floyd his interest in all the remainder of his father's estate. He executed this deed in New Mexico and there acquired and operated a cleaning and pressing shop for about six months. He then went to California and worked about six months for a railroad. About this time he served several months in the armed forces at Fort Jackson, South Carolina and Fort Sam Houston, Texas, and after spending some months in the hospital, returned to Smith County and bought a farm which he operated for several years. During that period, error having been discovered in his former deed to E. H. Floyd, he executed a correction deed on September 25, 1943. He worked for the American Oil Company in Magee for about a year. On August 28, 1943, he joined in the petition for the removal of the disabilities of minority of his sister, Mrs. Mangum, now Mrs. McFall, and on October 9, 1944 he joined in the petition for the removal of the disabilities of minority of his brother, Claiborne Floyd. He worked for Mississippi Products in Jackson, Mississippi, from June 10, 1947 to March 24, 1948 and according to the testimony of the assistant personnel director of that company, he earned an increase in pay on September 16 and a promotion on November 14, 1947. He was adjudged incompetent in Simpson County on April 7, 1949, but his wife sued for and obtained a divorce in 1950 and his mental incompetency is not mentioned in the bill or decree. It should probably be mentioned here that the brief for the appellants, without giving any dates, pictures Bewie Floyd as totally insane, and, as a matter of fact, he is now insane and is confined in a government hospital at Gulfport, Mississippi, but this occurred long after the various transactions which we have been discussing and the lower

court held that Bewie's incompetency was not established and that since this suit was not filed until thirteen years after he attained his majority, his right of action was barred by the statutes of limitation.

### Mrs. Ina Mae Floyd Mangum McFall

There is no claim that Mrs. McFall was ever under any legal disability. She was born on September 28, 1924 and became twenty one years of age on September 28, 1945, just nine years before this suit was originally filed and nine years and nine months before the present suit was filed. Her interests in the tracts presently owned by the defendants, Dewees, Baugh and Burgess, were sold by her guardian under decrees of the chancery court in 1937, 1938 and 1942. The trial court held that these sales were made in good faith and that any defects therein were barred by the two-year statute on judicial sales.

Mrs. McFall married Jack Mangum February 19, 1941. On October 31, 1942, she then being eighteen years of age and married, final settlement of her guardianship was approved and her guardian discharged. On December 18, 1942, joined by her husband and adult sister and her former guardian, she filed a petition for the removal of her minority disabilities, for the principal purpose of enabling her to sell her interests in real estate. This petition was dismissed on motion of petitioners and on August 28, 1943, joined by her husband and her adult brother and sister, she filed another petition for the removal of her minority disabilities, for the specific purpose of enabling her to sell her interests in the real estate therein described to E. H. Floyd, and a decree was rendered thereon on August 28, 1943. Under authority of this decree, joined by her husband, she conveyed to E. H. Floyd her interest in the land which the defendants, T. K. Green, D. L. Harper, Mrs. Lina Isaacs (now Randall) and H. L. Alexander claim. Mrs. McFall's mother was living at the time and was not

made a party to the proceedings removing her disabilities. For this reason the chancellor held that the decree removing Mrs. McFall's disabilities of minority was null and void and since less than ten years elapsed between the time she attained her majority and the filing of this suit, she was entitled to recover her one-fifth interest in the land conveyed by her to E. H. Floyd and now owned by the defendants last above named, and the said defendants have appealed from that holding.

 █ Under Section 1265 of the Mississippi Code of 1942, it is specifically provided that the application for removal of minority disabilities ''shall be made in writing by the minor by his next friend, and it shall state the age of such minor and *join as defendants his parent or parents then living,* or, if neither be living, two of his adult kin within the third degree, computed according to the civil law, and the reasons on which the removal of disability is sought.'' (Emphasis ours.) The mother of Mrs. McFall was living and while it is said in the record that she was mentally incompetent, nevertheless the statute plainly says that she must be summoned as a defendant to the petition, and this was not done in this case, and therefore the chancellor held, and we think properly so, that the removal of minority disabilities of Mrs. McFall was void.

### Claiborne N. Floyd

Claiborne was born September 13, 1928 and became twenty one years of age on September 13, 1949, five years before this suit was first filed, and his guardian was finally discharged September 17, 1949. His interest in all of the land here involved was sold by his guardian under decrees of the Chancery Court of Madison County at six separate sales during the period from 1937 to 1944. The lower court held that all of these sales were made in good faith and that the purchase money was paid and that any defects in any of them were cured by Section 745 of the Mississippi Code of 1942 which

prescribed a two-year period of limitation for actions attacking the validity of sales under order of the chancery court. The chancellor held that the purchase price was paid and that Claiborne was barred by the said two-year statute of limitation and that D. L. Harper was a bona fide purchaser for value and acquired a good title.

This disposes of the several propositions which are argued in the briefs and we are of the opinion that the chancellor in his final decree did an excellent job of disposing of the several propositions argued and submitted to him. We are of the opinion that the decree of the lower court should be affirmed and that the cause should be remanded for an accounting as adjudged by the lower court of and from D. L. Harper, Lina Conoy Isaacs Randall, Tom K. Green, H. L. Alexander, and Mrs. Ruby M. Floyd, administratrix of the estate of E. H. Floyd, deceased, as to all ground rent, oil and gas leases, bonuses, oil and gas rentals, the value of all timber cut and removed, and all other income or receipts from the respective tracts of land mentioned by the chancellor.

Affirmed and remanded.

*McGehee, Lee, Ethridge* and *Gillespie, JJ.,* concur.